UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

RALPH HARDING BENTLEY, JR.,

    Petitioner,

v.                              Case No: 2:11-cv-712-FtM-29DNF

SECRETARY, FLORIDA
DEPARTMENT OF CORRECTIONS,

    Respondent.
_____

**OPINION AND ORDER**

Petitioner Ralph Harding Bentley (hereinafter "Petitioner" or "Defendant") initiated this action pro se pursuant to 28 U.S.C. § 2254.[1] The Petition (Doc. #1) challenges Petitioner's April 10, 2010 plea-based conviction of carrying a concealed weapon by a convicted felon in case number 09-cf-2836 entered in the Twentieth Judicial Circuit, Collier County, Florida. Petitioner is serving a six-year sentence as a result of the conviction. Id. The Petition raises one ground for relief, challenging the State court's denial of Petitioner's motion to suppress. Respondent filed a response (Doc. #11) opposing the Petition pursuant to Stone v. Powell, 428 U.S. 465 (1976), and attached supporting exhibits consisting of pertinent trial transcripts and postconviction

---

[1] Respondent concedes that the Petition is timely filed, Response at 5, and the Court agrees.

records.  Petitioner filed a reply (Doc. #17).  This matter is ripe for review.

## I.   Applicable § 2254 Law

Petitioner filed his petition after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (1996).  See Abdul-Kabir v. Quarterman, 550 U.S. 233, 246 (2007); Penry v. Johnson, 532 U.S. 782, 792 (2001).  Consequently, post-AEDPA law governs this action.  Abdul-Kabir, 550 U.S. at 246; Penry, 532 U.S. at 792; Davis v. Jones, 506 F.3d 1325, 1331, n.9 (11th Cir. 2007). Pursuant to the AEDPA, federal habeas relief may not be granted with respect to a claim adjudicated on the merits in state court unless the adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).  This standard is both mandatory and difficult to meet.  White v. Woodall, 134 S. Ct. 1697, 1702 (2014).  A state court's summary rejection of a claim, even without explanation, qualifies as an adjudication on the merits which warrants

deference.  Ferguson v. Culliver, 527 F.3d 1144, 1146 (11th Cir. 2008).

"Clearly established federal law" consists of the governing legal principles, rather than the dicta, set forth in the decisions of the United States Supreme Court at the time the state court issues its decision.  White, 134 S. Ct. at 1702; Carey v. Musladin, 549 U.S. 70, 74 (2006) (citing Williams v. Taylor, 529 U.S. 362, 412 (2000)).  A decision is "contrary to" clearly established federal law if the state court either: (1) applied a rule that contradicts the governing law set forth by Supreme Court case law; or (2) reached a different result from the Supreme Court when faced with materially indistinguishable facts.  Ward v. Hall, 592 F.3d 1144, 1155 (11th Cir. 2010); Mitchell v. Esparza, 540 U.S. 12, 16 (2003).

A state court decision involves an "unreasonable application" of the Supreme Court's precedents if the state court correctly identifies the governing legal principle, but applies it to the facts of the petitioner's case in an objectively unreasonable manner, Brown v. Payton, 544 U.S. 133, 134 (2005); Bottoson v. Moore, 234 F.3d 526, 531 (11th Cir. 2000), or "if the state court either unreasonably extends a legal principle from [Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply."  Bottoson, 234 F.3d at 531 (quoting

Williams, 529 U.S. at 406). The unreasonable application inquiry "requires the state court decision to be more than incorrect or erroneous," rather, it must be "objectively unreasonable." Lockyer v. Andrade, 538 U.S. 63, 75-77 (2003) (citation omitted); Mitchell, 540 U.S. at 17-18; Ward, 592 F.3d at 1155. Petitioner must show that the state court's ruling was "so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." White, 134 S. Ct. at 1702 (quoting Harrington v. Richter, 562 U.S. 86, ___, 131 S. Ct. 770, 786-787 (2011)).

Finally, the Supreme Court has stated that "a decision adjudicated on the merits in a state court and based on a factual determination will not be overturned on factual grounds unless objectively unreasonable in light of the evidence presented in the state-court proceeding[.]" Miller-El v. Cockrell, 537 U.S. 322, 340 (2003) (dictum). When reviewing a claim under § 2254(d), a federal court must bear in mind that any "determination of a factual issue made by a State court shall be presumed to be correct," and the petitioner bears "the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1); see, e.g., Burt v. Titlow, 134 S. Ct. 10, 15-16 (2013); Miller-El, 537 U.S. at 340 (explaining that a federal court can disagree with a state court's factual finding and, when guided by AEDPA, "conclude the decision was unreasonable or that

the factual premise was incorrect by clear and convincing evidence").

## II.  Findings of Fact and Conclusions of Law

This Court has carefully reviewed the record and, for the reasons set forth below, concludes no evidentiary proceedings are required in this Court. Schriro v. Landrigan, 550 U.S. 465, 127 S. Ct. 1933, 1939-40 (2007). Petitioner does not proffer any evidence that would require an evidentiary hearing, Chandler v. McDonough, 471 F.3d 1360 (11th Cir. 2006), and the Court finds that the pertinent facts of the case are fully developed in the record before the Court. Schriro, 550 U.S. at 474; Turner v. Crosby, 339 F.3d 1247, 1275 (11th Cir. 2003), cert. denied, 541 U.S. 1034 (2004).

Petitioner raises one claim challenging the State court's denial of his motion to suppress. See Petition. Petitioner argues that his Fourth and Fourteenth Amendment rights under the United States Constitution were violated when a Collier County Sheriff's Officer stopped him without having the requisite reasonable suspicion. Id. at 5-6. After the State court denied Petitioner's motion to suppress, he freely and intelligently entered a *nolo contendere* plea. Thereafter, Petitioner raised the instant claim on direct appeal. Exh. 9. After briefing from the State, Exh. 10, the appellate court *per curiam* affirmed the trial court's order without a written opinion. Exh. 12.

Respondent asserts that Petitioner's claim is barred by the <u>Stone</u> doctrine; and, alternatively barred by entry of his knowing and voluntary plea. Response at 8-9. Respondent further addresses the merits of the claim, arguing that Petitioner cannot satisfy 28 U.S.C. § 2254(e)(1) (by overcoming the state court's findings by clear and convincing evidence), and/or § 2254(d)(1)(2) (by showing that denial of the motion to suppress was an unreasonable application of clearly established Supreme Court precedent, or an unreasonable determination of the facts in light of the evidence).

The law is well settled that a federal court cannot entertain a violation of a habeas petitioner's Fourth Amendment rights if the petitioner had an opportunity for full and fair consideration of his claim in the State courts. <u>Stone</u>, 428 U.S. at 494; <u>Bradley v. Nagle</u>, 212 F.3d 559, 564 (11th Cir. 2000); <u>Mincey v. Head</u>, 206 F.3d 1106, 1125 (11th Cir. 2000). "[F]ull and fair consideration requires consideration by the fact-finding court, and at least the availability of meaningful appellate review by higher state court." <u>Mincey</u>, 206 F.3d at 1126. Here, Petitioner's prior exhaustion of this ground in the Florida courts triggers the bar of <u>Stone v. Powell</u>, precluding federal review of his Fourth Amendment claim, because the State provided Petitioner with processes for full and adequate consideration of this ground.

A review of the record evidences that Petitioner was provided a "full and fair consideration" of his claims. On April 16, 2010, the trial court held a hearing on the motion to suppress, during which Deputy James Carr testified. Exh. 3 at 2. Upon conclusion of the hearing, the trial court denied Petitioner's motion to suppress finding in pertinent part that Deputy Carr had the requisite reasonable suspicion to stop Petitioner after citizen informants had told Carr that a person matching Petitioner's description, who was walking a dog, had threatened them with violence and had a weapon. Id. at 2-5. As Deputy Carr approached Petitioner and asked him to stop, Petitioner began to walk away, and placed his hands down the front of his pants, thereafter proceeding to toss two, 12-inch butcher knives to his side in plain view of Deputy Carr. Id. Thus, Petitioner does not demonstrate that the suppression hearing conducted by the trial court and the review of trial court's conclusions by the appellate court did not afford him a full and fair opportunity to develop the factual issues of his case. Any allegation of State court error in denying a motion to suppress does not suffice to avoid the Stone bar. See Mason v. Allen, 605 F.3d 1114, 1120 (11th Cir. 2010); Swicegood v. Alabama, 577 F.2d 1322, 1324 (5th Cir. 1978)(holding that the Stone bar even applies when the state court erred in deciding the merits

of a Fourth Amendment claim.).² Accordingly, pursuant to Stone, Ground One of the Petition is dismissed.

ACCORDINGLY, it is hereby

**ORDERED:**

1.  Ground One of the Petition for Writ of Habeas Corpus is **DISMISSED with prejudice** and the Petition (Doc. #1) is **DENIED**.

2.  The Clerk of Court shall terminate any pending motions, enter judgment accordingly, and close this case.

**CERTIFICATE OF APPEALABILITY AND**

**LEAVE TO APPEAL *IN FORMA PAUPERIS* DENIED**

**IT IS FURTHER ORDERED** that Petitioner is not entitled to a certificate of appealability on either petition. A prisoner seeking to appeal a district court's final order denying his petition for writ of habeas corpus has no absolute entitlement to appeal but must obtain a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1); Harbison v. Bell, 556 U.S. 180, 184 (2009). "A [COA] may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or

---

²Unless later superseded by Eleventh Circuit precedent, a Fifth Circuit decision issued prior to the close of business on September 30, 1981, binds this court. Bonner v. City of Prichard, 661 F.2d 1206, 1207 (11th Cir. 1981)(en banc).

wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) or, that "the issues presented were adequate to deserve encouragement to proceed further", Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003)(citations and internal quotation marks omitted). Petitioner has not made the requisite showing in these circumstances.  Finally, because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal *in forma pauperis*.

**DONE** and **ORDERED** in Fort Myers, Florida on this __15th__ day of December, 2014.

/s/ John E. Steele
JOHN E. STEELE
UNITED STATES DISTRICT JUDGE

SA: alr
Copies: All Parties of Record